UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:22-CV-00040-TBR

**MICHAEL SIMS,** *et al*.                                                                       **PLAINTIFF**

**v.**

**INLAND MARINE SERVICES, INC.**                                      **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs Allen and Michael Sims' Motion to Strike Affirmative Defense Mo20[1] pursuant to Rule 12(f). [DN 9]. Defendant Inland Marine Services, Inc ("Inland") has responded, [DN 14], and Plaintiffs have replied. [DN 15]. As such, this matter is ripe for adjudication. For the reasons that follow, Plaintiffs' Motion to Strike Affirmative Defense No. 20 is **DENIED**.

**I.**      **Background**

On March 17, 2022, Plaintiffs filed suit for negligence under the Jones Act, and for a variety of other claims under general maritime law. [DN 1]. In Defendants' answer, affirmative defenses number 20 states:

> Defendant is immune from liability pursuant to Title 6, Chapter 5, Article 40 of the Code of Alabama and/or Kentucky Revised Statutes Chapter 39A, including, but not limited to, §39A.275 and/or any other state or federal statutes, regulations, codes or legislative enactments providing for immunity or limiting liability for claims for injury, death, damages or loss arising from or relating to the Coronavirus/Covid-19.

[DN 7 at 3]. Defendant also reserved the right to assert additional defenses about which they presently lack sufficient knowledge or information, but which may become available during the course of this litigation through discovery. *Id.* Plaintiffs then filed the present motion. [DN 9].

---

[1] The title of Plaintiffs' Motion reads "Motion to Strike Affirmative Defense Mo20" but upon review of the Motion, the Court understands Mo20 was incorrectly stated and is meant to be No. 20.

1

## II. Legal Standard

Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A court may strike portions of the pleading acting on its own initiative or "on a motion made by a party ... before responding to the pleading." *Id.* The Sixth Circuit has cautioned against motions to strike however, calling them "a drastic remedy to be resorted to only when required for the purposes of justice." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (citations omitted). "The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Id.* Such precedent has led to the general discouragement of these motions. *E.g., Anderson v. United States*, 39 F. App'x 132, 135 (6th Cir. 2002); *Thompson v. Hartford Life & Acc. Ins. Co.*, 270 F.R.D. 277, 279 (W.D. Ky. 2010); *Smith v. Rees*, No. 5:07-CV-P180-R, 2009 U.S. Dist. LEXIS 22215, 2009 WL 723203, at *1 (W.D. Ky. Mar. 18, 2009).

## III. Discussion

Plaintiffs argue that "[a]llowing the Kentucky and Alabama statutes to limit or eliminate Defendant's liability would destroy the uniformity of application of the Jones Act and are, therefore, prohibited and the Affirmative Defense alleging same should be stricken." [DN 9-1 at 2]. In support of this argument, Plaintiffs states that "[t]he Jones Act supersedes the application of the statutes of the several states" and that "[s]tate law is not controlling in determining the incidents of an employee's right to recover damages against his employer." *Id.* citing *Lindgren v. United States*, 281 U.S. 38, 44 (1930); *Dice v. Akron, C. YR Co.*, 342 U.S. 359, 361–62 (1952). Conversely, Defendant argues that there is "well-established decisional authority recognizing that state law supplements federal maritime law where there is no existing maritime rule which governs the plaintiff's alleged basis of liability." [DN 14].

The Court agrees with Plaintiffs that the Jones Act supersedes the application of state law; however, "where the subject-matter falls within the admiralty jurisdiction, state law may 'supplement' federal maritime law," if it does not "directly contradict it." *Clancy v. Mobil Oil Corp.*, 906 F. Supp. 42, 47 (D. Mass. 1995) (internal citation omitted) (collecting cases). Due to the unique hardships Covid 19 provided, the Jones Act—and maritime law generally—is silent regarding the potential liability when a seaman contracts, and in the present case dies, from Covid 19.

In a recent Jones Act case in Louisiana, the Court refused to consider the state statue regarding Covid 19 immunities:

> The Court does not understand Defendant to suggest that the Louisiana statute limiting liability for COVID-19 infection applies to Defendant as a Jones Act employer. Nor does Defendant argue that Congress has made Jones Act employers immune from liability for their employee's COVID-19 infections. Rather, Defendant asks the Court to "consider" these inapplicable statutes in deciding the instant motion. However, these freewheeling policy arguments are not appropriate for the Court to consider.

*Scott v. Westbank Fishing, LLC*, No. CV 20-2692, 2022 WL 2705960, at *8 (E.D. La. July 12, 2022). Unlike the present case, the Louisiana court was addressing a motion for summary judgment, and the state Covid 19 statute was not being used as an affirmative defense. *Id.* Motions to strike should be granted sparingly and "only when the pleading to be stricken has no possible relation to the controversy." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (internal citations omitted). It is no question that an affirmative defense providing immunity for harm caused by Covid 19 has a possible relation to the controversy at hand.

The Court is hesitant to deny the motion; however, additional discovery and application of the state statutes in connection with the Jones Act is appropriate. Further, the lack of precedent, the novelty of the Covid 19 pandemic, and the Court's disfavor of striking pleadings guides the Court's decision to deny Plaintiffs' motion, at this time.

### IV.  Conclusion

For the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Strike Affirmative Defense No. 20 is **DENIED**. [DN 9].

**IT IS SO ORDERED**.

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

August 18, 2022

cc: Counsel